**STATE of Minnesota, Respondent,**

v.

**Delbert McGILL, Appellant.**

**No. 81–797.**

Supreme Court of Minnesota.

Oct. 1, 1982.

C. Paul Jones, Public Defender, Elizabeth B. Davies, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Kenneth Safford and Gary Hansen, Sp. Asst. Attys. Gen., St. Paul, John Riches, II, County Atty., Benson, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of a charge of arson in the first degree, Minn.Stat. § 609.561, subd. 1 (1980), for setting fire to a dwelling in Benson

which he and his wife possessed as vendees under a contract for deed. The presumptive sentence for this offense (severity level VII) by one with defendant's criminal history score (zero) is 24 months in prison with sentence executed. The trial court imposed a 24-month sentence, but departed dispositionally by placing defendant on probation. The trial court also fined defendant $2,500 and ordered defendant to make restitution to the vendor of the contract for the damages to the dwelling. On this appeal from judgment of conviction, defendant raises issues relating to the sufficiency of the evidence, the consequences of the state's failure to preserve certain evidence, and the legality of a warrantless search of the fire scene by a fire investigator 2 days after the fire. We affirm.

■ Both defendant and his wife lost their jobs in Benson in the spring of 1980. His wife subsequently became pregnant. Defendant obtained a lesser paying temporary job in the Twin Cities area and they informed the person from whom they had bought their house in Benson that they would not be able to continue making payments on the contract for deed. The purchase price for the house was $24,500 in November of 1979. Defendant and his wife insured the house in the amount of $40,000. The 60-day grace period following their failure to make a monthly payment by June 20 was due to expire on August 20 and they had been unsuccessful in selling the house. The fire that defendant was convicted of setting occurred on the evening of August 2. Defendant admittedly was the last person in the house, leaving it within one-half hour before the fire was discovered. The state arson investigator concluded that the fire had been set by human hands by placing a lighted, but shadeless, electric lamp on a ledge near the basement ceiling next to some firewood and covering the lamp with nylon fabric. The investigator opined that the fabric and wood had been saturated with fuel from a nearby can of fuel and that ignition had occurred when the heat from the covered lamp bulb built to a sufficient degree.

Defendant contends that the state failed to establish that the fire was criminally set. We conclude, however, that the evidence was sufficient to establish not only that the fire was criminally set, but also that defendant set it.

■ Defendant also contends that the charge against him should have been dismissed because the state arson investigator failed to collect and preserve for analysis fragments of the bulb, which broke after photographs of the scene were taken by members of the local fire department. Cases of this court dealing with destruction of evidence by the state include *State v. Koehler*, 312 N.W.2d 108 (Minn.1981); *State v. Hill*, 287 N.W.2d 918 (Minn.1979); and *State v. Carlson*, 267 N.W.2d 170 (Minn. 1978). In this case, the state arson investigator believed that there was no reason to collect and preserve the fragments. Notwithstanding this belief, he should have collected and preserved the fragments because of the possibility that some defense expert might have a different version about the possible relevance of the evidence. Although the fragments might have been useful to the defense, defendant has not established that an analysis of the evidence would have helped disprove the state arson investigator's theory. Further, the evidence supporting the state's theory was strong. Finally, the jury was instructed that if it found that there was material evidence which the state without justification failed to preserve, then the jury could infer that the material evidence would be unfavorable to the state. Under all the circumstances, we are convinced that defendant is not entitled to any relief on this ground.

■ Defendant's final contention is that the district court erred in denying his motion to suppress evidence resulting from the warrantless search of his house by the state arson investigator on August 4, 2 days after the fire. The omnibus court determined that defendant had consented to the re-entry of the house for the purpose of further examining the scene. We believe that the court did not err in this determination.

Affirmed.